# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 31, 2021

Lyle W. Cayce
Clerk

No. 18-20764

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOHN HARVEY JOHNSON,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:02-CR-37

Before OWEN, *Chief Judge*, and DAVIS and DENNIS, *Circuit Judges*.
PER CURIAM:*

John Harvey Johnson challenges certain special conditions of supervised release that were included in the amended judgment but were neither orally pronounced nor orally adopted by the district court. We VACATE in part Johnson's sentence and REMAND for the district court

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 18-20764

to amend its written judgment by removing the two unpronounced special conditions.

## I.   BACKGROUND

In 2002, Johnson pleaded guilty to bank robbery in the Southern District of Texas, which sentenced him to 151 months of imprisonment, followed by three years of supervised release. Johnson began serving this 151-month sentence in 2010, after completing a Texas state sentence. Subsequently, in 2018, Johnson filed a § 2241 habeas petition in the Southern District of Indiana, challenging his sentence as a career offender. That court granted Johnson's petition, vacated his sentence, and ordered resentencing without the career offender enhancement.

When he appeared before the Southern District of Texas for resentencing, Johnson was sentenced to time served, to be followed by three years of supervised release. Prior to the resentencing hearing, the probation officer had submitted a second addendum to the presentence report (PSR), which included an appendix "identifying conditions of supervised release/probation that may be appropriate for this defendant."[1]

At the resentencing hearing, the district court orally pronounced some of the conditions of supervised release listed in the appendix, but not all of them. Specifically, the district court did not orally pronounce the conditions related to substance-abuse treatment and drug testing. The district court also did not orally adopt the PSR, addendum, or appendix. Nevertheless, the

---

[1] These conditions included ones related to substance-abuse treatment and testing, mental health treatment, sex offender treatment, and requiring Johnson to stay in a halfway house, community treatment center, or similar facility for a period after his release.

No. 18-20764

district court included the substance-abuse treatment and testing conditions in its written judgment following the hearing.[2]

Johnson timely appealed, asserting that the unpronounced substance-abuse-treatment and drug-testing conditions of supervised release must be vacated. After initial briefing, this Court directed the parties to file letter briefs addressing this Court's recent en banc decision in *United States v. Diggles* and a subsequent case applying *Diggles*.[3] We now consider whether, in light of *Diggles*, we must vacate the unpronounced treatment and testing conditions that the court imposed in its written judgment.

## II. DISCUSSION

This Court has held that "[i]f a condition [of supervised release] is discretionary, the court must pronounce it to allow for an objection."[4] "When a defendant had no opportunity to object to [discretionary] conditions (because they were unmentioned at sentencing), we review for abuse of discretion, and any 'unpronounced' . . . conditions must, upon remand, be stricken from the written judgment."[5] A district court can

---

[2] The substance-abuse-treatment condition requires that defendant "must participate in an inpatient or outpatient substance-abuse treatment program and follow the rules and regulations of that program. The probation officer will supervise [his] participation in the program, including the provider, location, modality, duration, and intensity. [The defendant] must pay the costs of the program, if financially able." The substance-abuse-testing condition requires that the defendant "must submit to substance-abuse testing to determine if [he] ha[s] used a prohibited substance, and [he] must pay the costs of the testing if financially able. [The defendant] may not attempt to obstruct or tamper with the testing methods."

[3] *See* 957 F.3d 551, 556 (5th Cir. 2020) (en banc); *see also United States v. Yarbrough*, 830 Fed. App'x 437 (5th Cir. 2020) (unpublished).

[4] *See Diggles*, 957 F.3d at 559.

[5] *United States v. Fields*, 977 F.3d 358, 366–67 (5th Cir. 2020) (quoting *United States v. Rivas-Estrada*, 906 F.3d 346, 348 (5th Cir. 2018)); *see also United States v. Grogan*, 977 F.3d 348, 352 (5th Cir. 2020) (citations omitted) ("When a defendant objects to a condition

No. 18-20764

provide the necessary notice and comply with the oral pronouncement requirement if it orally adopts a written list of proposed conditions found in the PSR.[6] Moreover, "[m]erely referencing a PSR that lists [non-mandatory] conditions (here, in the appendix) isn't enough. Alone, it doesn't put the defendant on notice of which conditions the court will impose."[7]

In this case, both the substance-abuse-treatment and substance-abuse-testing conditions were discretionary, and therefore, they had to be pronounced.[8] First, the substance-abuse-treatment condition imposed is not a mandatory condition under 18 U.S.C. § 3583(d). And although § 3583(d) includes a substance-abuse-testing requirement, it is not the same as the one that the district court imposed in the written judgment. The substance-abuse-testing requirement in § 3583(d) states:

> The court shall also order, as an explicit condition of supervised release, that the defendant refrain from any unlawful use of a controlled substance and submit to a drug test within 15 days of release on supervised release and at least 2

---

of supervised release for the first time on appeal, the standard of review depends on whether he had an opportunity to object before the district court. If he had that chance but failed to do so, we review for plain error. If he did not have the opportunity, we review for abuse of discretion.").

[6] *See Diggles*, 957 F.3d at 560–61; *see also United States v. Omigie*, 977 F.3d 397, 407 (5th Cir. 2020) (remanding for a determination of whether a sentencing condition contained in a separate sentencing recommendation was disclosed to the defendant as part of the PSR, which the court orally adopted); *Grogan*, 977 F.3d at 351–52 (holding that defendant had an opportunity to object, and there was no conflict in the judgment where the PSR, which the district court orally adopted "in full," recommended the special conditions).

[7] *Rivas-Estrada*, 906 F.3d at 349.

[8] *See Diggles*, 957 F.3d at 559.

No. 18-20764

periodic drug tests thereafter (as determined by the court) for
use of a controlled substance.[9]

The special condition included in the judgment in this case, however, states:
The defendant "must submit to substance-abuse testing to determine if [he]
ha[s] used a prohibited substance, and [he] must pay the costs of the testing
if financially able. [The defendant] may not attempt to obstruct or tamper
with the testing methods." These two conditions are clearly not the same:
unlike the mandatory condition, the special condition in the judgment does
not specify a date range for the first test, limit the number of tests required,
and requires that Johnson pay for testing if he is able. Therefore, the
substance-abuse-testing condition in the judgment is discretionary, rather
than mandatory. Oral notice of these discretionary conditions at the
sentencing hearing cannot be dispensed with.

Therefore, under *Diggles*, the district court was required to either
orally pronounce the substance-abuse-treatment and substance-abuse-
testing conditions during the resentencing hearing, or orally adopt the PSR
and its appendix, the latter of which is where those conditions were listed.
However, the district court did neither. Under our precedent, the district
court's failure to do so constitutes an abuse of discretion, and we must
remand so that the unpronounced conditions can be stricken from the
judgment.

## III.    CONCLUSION

For the foregoing reasons, we VACATE Johnson's sentence in part
and REMAND for the district court to amend the written judgment by

---

[9] 18 U.S.C. § 3583(d).

No. 18-20764

removing the special conditions related to substance-abuse treatment and substance-abuse testing.